*326
 
 PONDER, Justice.
 

 On account of a dispute between the landowner and various persons claiming royalty interest in the oil, gas and other minerals produced from a certain tract of land, the Humble Oil and Refining Company, owner of the mineral lease under which the production was obtained, instituted these concursus.proceedings in order that it might be determined who is entitled to the royalty interests.
 

 On January 19, 1923, Arceus Guillory sold to Augustus Hill Garland the “undivided one-fourth interest in and to all royalties stipulated for or hereafter to be stipulated for, in any oil, gas or mineral lease that may be or has been executed in favor of third persons and more particularly in that certain lease executed in favor of the Louisiana Oil and Refining Corporation or its assignors and granted by vendor on a certain tract of land. * * * ” The land is described and it contains 52 acres. It is further stated in the act of sale: “It being well understood and agreed that the interest herein conveyed is and will remain an interest in all contracts by the vendor with third persons for the exploration and development of the said lands for oil, gas or other minerals, the purchaser not to participate with the vendor in any of the proceeds of the rental of the said land for said purposes, but only to share in the royalties in the proportions above set forth. This grant to be continuous and to run with the land into whomsoever’s hands it may fall; by assignment, bequest, devise or otherwise.”
 

 The dispute in these concursus proceedings is between the landowner and various persons claiming a royalty interest through the Garland royalty deed. Among the various persons who had acquired a royalty interest from Garland was one C. H. Fenstermaker, whose wife died on May 21, 1928 leaving four children, two of whom were minors. All of the claimants, except the landowner, rely on the Garland royalty deed for an interest in the royalties flowing from the Humble lease.
 

 At the time Garland acquired the royalty interest on January 19, 1923, the land was under lease to the Louisiana Oil and Refining Corporation, which subsequently lapsed without production in pursuance to its terms. Some 17 years after Garland acquired the royalty interest, the landowner executed a mineral lease in favor of the Humble Oil and Refining Company. Two years thereafter a producing well was brought in. The producing well was brought in some 19 years after the date Garland acquired the royalty interest.
 

 Upon trial of the proceedings the.lower court decreed the royalties to be the property of the landowner and rejected the claims of all the parties relying on the Garland deed. The matter has been brought to us on appeal by the unsuccessful claimants.
 

 The appellants contend that the sale of the one-fourth interest in the royalties by
 
 *327
 
 Guillory
 
 to
 
 Garland of January 19, 1923 created a servitude and that the servitude was suspended as to all the claimants who traced their title to the Garland deed on account of the minority of the Fenstermaker children. We see no merit in this contention for the reason that a royalty deed predicated on a lease or future leases does not create a servitude.
 

 The sale of royalties under an existing lease and future leases, is nothing more than the transfer of a proportionate share of the production, if any, that the landowner may be entitled to under the terms of the lease. It is a right predicated upon another right, the lease. Whenever the lease lapses by its terms the right to royalties thereunder necessarily passes out of the picture. Calcasieu Oil Co., Inc., v. Yount-Lee Oil Co. et al., 174 La. 547, 141 So. 55; Parten v. Webb et al., 197 La. 197, 198, 1 So.2d 76.
 

 “* * * in oil and gas leases, under the settled jurisprudence of this state, the payment of a royalty is the payment of rent, and is not the payment of a price for the oil or gas rights, as if they were sold.” Roberson et al. v. Pioneer Gas Co., 173 La. 313, 314, 137 So. 46, 48, 82 A.L.R. 1264.
 

 In the case of Tyson et al. v. Spearman, et al., 190 La. 871, 183 So. 201, 208 it is stated: “ ‘It is the established jurisprudence of this state that the lessee in the usual oil and mineral lease merely obtains a personal right and not a real right in the property’ (Marchand v. Gulf Refining Co. of Louisiana, 187 La. 1002, 175 So. 647, 649. See, also, Sabine Lumber Company v. Broderick, 5 Cir., 88 F.2d 586; Posey v. Fargo, 187 La. 122, 174 So. 175), and his possession being for another (his lessor) does not thereby acquire rights for himself. On the contrary, such rights as the lessee may have acquired by virtue of his possession inures to the benefit of his lessor.”
 

 This Court pointed out in the case of Vincent et al. v. Bullock et al., 192 La. 1, 187 So. 35, that the royalty under a lease depends upon the continued existence of the right, the lease, to which it is an appendage and it can not have a life of its own independent of the lease. We further pointed out that a party to a contract who sells royalty under an existing lease transfers only a part of the whole of his rent due from the lease upon which his royalty depends.
 

 From an examination of the Garland royalty deed it is apparent that an attempt was made to convey a perpetual, indeterminate royalty interest in all future leases. The lease in favor of the Louisiana Oil and Refining Corporation having lapsed and passed out of the picture, the question now resolves itself as to whether the royalty deed, in so far as it attempts to convey an undivided interest in royalties thereafter to be stipulated in a lease that may be executed by the landowner, is valid.
 

 Under the provisions of Article 2674, R. C.C., a lease must have a fixed term. In considering a lease without a fixed term,
 
 *328
 
 in the case of Bristo v. Christine Oil & Gas Company, 139 La. 312, 71 So. 521, 522, the Court made the following pertinent statement: “Hence the only question presented for decision is whether the stipulation that the grantee might prevent a forfeiture and continue the lease or option from year to year by paying an annual rental of 10 cents an acre was or is enforceable. Our opinion is that that stipulation in the contract is null for want of a fixed or definite term. Whether it be regarded as a lease or an option, it would be an anomalous contract without a definite term or limitation. To recognize that the defendant has the right, without any obligation, to hold the plaintiff’s land under a perpetual lease or option, would take the property out of commerce, and would be violative of the doctrine of ownership, defined in the second title of the second book of the Civil Code.”
 

 A royalty predicated on a lease that has no fixed term would fall in the same category for the reason that the royalty right depends upon the lease. Since a lease cannot be granted in perpetuity, a right dependent upon a lease could not be granted in perpetuity. We therefore conclude that a conveyance of a perpetual, indeterminate royalty interest in all future leases is absolutely null under the principles of law enunciated in the Bristo case.
 

 Moreover, the transfer of an undivided one-fourth interest in and to all royalties hereafter to be stipulated for in any lease that may be executed by the landowner creates a potestative condition which is reprobated by law.
 

 “The potestative condition is that which makes the execution of the agreement' depend on an event which it is in the power of the one or the other of the contracting parties to bring about or to hinder.” Article 2024, R.C.C.
 

 “Every obligation is null, that has been contracted, on a potestative condition, on the part of him who binds himself.” Article 2034, R.C.C.
 

 “The last preceding article is limited to potestative conditions, which make the obligation depend solely on the exercise of the obligor’s will; but if the condition be, that the obligor shall do or not do a certain act, although the doing or not doing of the act depends on the will of the obligor, yet the obligation depending on such condition, is not void.” Article 2035, R.C.C.
 

 From the above-quoted articles of the Code a potestative condition depending solely upon the will of the obligor is null. We recognize the fact that a potestative condition imposing on the obligor the duty of fulfilling it or making a sincere effort towards its fulfillment is not the potestative condition reprobated by law, but only potestative in the sense that the obligor is in a position to hinder or prevent the execution of the contract. However,’ the Garland deed contains a potestative condition where the obligor does not even promise to execute future leases, let alone
 
 *329
 
 obligate himself to do so. The execution of future leases is left entirely to the will of the landowner and is incapable of enforcement. Many contracts involving potestative conditions have been entertained by this Court, but we have been unable to find a single case where a decision was contrary to the views herein expressed. In all of the cases where a contract with a potestative condition has been upheld there has been at least a promise to do something. Under the terms of the Garland deed there is no obligation on the part of the landowner
 
 to
 
 fix any definite royalty interest in the future leases. In other words, the deed purports to convey an undivided one-fourth interest in whatever royalty interest the landowner may stipulate. It does not obligate the landowner to lease the property. It merely states that royalty interest is conveyed in any mineral lease that the landowner may execute. The deed strictly confines the interest to leases that the landowner may execute. In fact, the landowner did.not obligate himself to execute future leases and the amount of royalty interest conveyed is uncertain in that the landowner could stipulate any royalty in any future lease that he saw fit.
 

 We have therefore concluded that the deed is null because it attempts to transfer a perpetual royalty in future leases and for the further ground that it contains a potestative condition that is reprobated by law.
 

 For the reasons assigned, the judgment of the lower court is affirmed at appellants cost.
 

 ROGERS, HAMITER and KENNON, JJ., concur in the decree.
 

 O’NIELL, C. J., absent.