HAWTHORNE, Justice.
 

 This is a concursus proceeding provoked by the Continental Oil Company, an oil purchaser, and involves a 1/32 royalty. The company deposited in the registry of the court funds representing the purchase of the royalty oil in question and cited the adverse claimants thereto to appear and assert their respective ownerships to the royalty and to the funds so deposited.
 

 The pertinent facts necessary for our decision in the instant case are as follows:
 

 On August 21, 1935, Frank Eloi Landry, the then as well as the present owner of
 
 *521
 
 three distinct, non-contiguous tracts of land situated in Jefferson Davis Parish, by one act of conveyance sold, conveyed, and transferred to William D. Jaenke and Earl C. Miller “One Thirty-second (l/32nd) of the whole of any oil, gas or other minerals, except sulphur, on and under and to be produced from said lands, delivery of said royalties to be made to the purchaser herein in the same manner as is provided for the delivery of royalties by any present or future mineral lease affecting said lands”. The property is described in this royalty deed as follows:
 

 “Northeast Quarter of Northwest Quarter (NE}4 of NWi/i) of Fractional Section Thirty-six (36), Township Seven (7) South, Range Three (3) West, Louisiana Meridian, containing Forty (40) acres, more or less. Also Lots Six (6), Seven (7), and Ten (10) of East half (E(/^) of Fractional Section Twenty-five (25), Township Seven (7) South, Range Three (3) West, Louisiana Meridian, each of said lots containing Ten (10) acres.”
 

 The three separate, distinct, non-contiguous tracts as described in this instrument are these:
 

 (1) NE)4 of NW14 of Fractional Section 36, Township 7 South, Range 3 West;
 

 (2) Lots 6 and 7 of Ei^ of Fractional Section 25, Township 7 South, Range 3 West, and
 

 (3) Lot 10 of the same section, township, and range.
 

 On May 24, 1943, Frank Eloi Landry, as owner of these tracts, granted a mineral lease on these lands, as well as on other property, to Mordelo L. Vincent, Jr., and L. L. Welch. At the time this lease was granted, appellees, Lloyd Noble, W. A. Grapes, D. R. Snow, Earl C. Miller, and William D. Jaenke, were the owners of a 1/32 mineral royalty interest which had been acquired by them or their authors in title from Frank E. Landry on August 21, 1935.
 

 Barnsdall Oil Company, operating under this lease, obtained the production of oil and gas in paying qitantities prior to August 21, 1945, or within 10 years from the date on which the royalty deed to Miller and Jaenke was executed, by the completion of a producing oil we'1'1 upon one of the non-contiguous tracts, that is, Lot 6 of the EJ/á of Fractional Section 25, Township 7 South, Range 3 West.
 

 Thereafter, in September or October, 1945, more than 10 years after the execution of the royalty deed, Barnsdall Oil Company obtained the production of oil in paying quantities by drilling a well on one of the other non-continguous tracts, described in the royalty deed as the NEJ4 of the NW% of Fractional Section 36, Township 7 South, Range 3 West.
 

 Appellant, the landowner Landry, contends that the 1 /32 mineral royalty, insofar as it relates to and affects the NE% of the NWJ4 of Fractional Section 36, Township 7 South, Range 3 West, one of the non-contiguous tracts described in the royalty deed,
 
 *523
 
 on which the second producing well was drilled, expired and terminated on August 21, 1945, as more than 10 years had elapsed since the execution of the royalty deed on August 21, 1935, without any production of oil, gas, or other minerals from this tract, and pleads in bar of all rights, claims, and demands of Earl C. Miller and the other adverse claimants to the 1/32 royalty interest insofar as it relates to this tract, or to the funds produced from said interest, the prescription of 10 years liberandi causa.
 

 Appellees, Earl C. Miller et al., contend that the 1/32 royalty acquired from the landowner, Landry, on August 21, 1935, is still in effect for the reason that “The obligation created 'by the royalty deed in favor of Earl C. Miller, et' al.,- being conditioned upon the production of oil, gas, or other minerals from the lands covered thereby, and such production having been’ obtained from a portion of said lands prior to the expiration of ten (10) years from the date of said deed, the rights created thereby have never been terminated, but on the contrary have become absolute.”
 

 The lower court overruled the plea of prescription of 10 years liberandi causa filed by the landowner Landry, and decreed that ■the funds deposited in the court belonged to Jaenke, Miller, Noble, Grapes, and Snow, and that these parties were the owners of the 1/32 royalty interest in dispute.
 

 From this judgment Frank Eloi Landry has appealed to this court.
 

 The question presented by this appeal, res nova in this state, is a question of law, that is: Under a royalty deed executed by the landowner conveying royalty rights in non-contiguous tracts, does the production of minerals on one of the tracts within 10 years from the date of the deed prevent the running of the liberative prescription of 10 years as to the royalty rights on the other tracts?
 

 In Vincent et al. v. Bullock et al., 192 La. 1, 187 So. 35, this court held that the reservation of a royalty right to the oil, gas, and other minerals in a tract of land imposes upon the property a real obligation and is a species of real right running with the land, subject to the prescription of 10 years liberandi causa.
 

 It is also well settled that this right is merely one to’ share in the production of oil, gas, and other minerals if and when they are produced from the property subject to the right. It is passive in its nature, and there is no obligation on the royalty-owner to develop the property, nor does he have this right. All that he acquires is a right attached to the land, the right to receive his share of the minerals if and when they are produced. St. Martin Land Co. v. Pinckney et al., 212 La. 605, 33 So.2d 169; Union Sulphur Co., Inc., v. Lognion et al., 212 La. 632, 33 So.2d 178; Humble Oil & Refining Co. v. Guillory et al., 212 La. 646, 33 So.2d 182. His share of the minerals when they are produced is royalty. At the moment of the execution of the
 
 *525
 
 royalty sale, under our holding in Vincent et al. v. Bullock et al., supra, a species of real right is created, imposing a burden upon the land, which is subject to the prescription of 10 years liberandi causa. It is therefore from the land that the royalty owner receives his royalty, and, if there are several distinct, non-contiguous tracts of land, he receives the royalty separately from each of them. Production from one of the tracts is not production from the other non-contiguous tracts, and by such production the royalty owner would not receive royalty from them. Our conclusion in this case, therefore, is that the event — production— which would prevent the running of prescription under the Bullock case did not happen within 10 years as to the tract in controversy in this case, the NE]4 of the NWji of Fractional Section 36; therefore the royalty right has prescribed as to it.
 

 ' In support of the opposite conclusion the appellees contend that, since the obligation created by the royalty deed in favor of Earl C. Miller et al. was conditioned upon the production of oil, gas, or other minerals from the lands covered thereby, and since such production was obtained from a portion of the lands prior to the expiration of 10 years from the date of the deed, the rights created thereby have never terminated, but on the contrary have become absolute. After -careful consideration of this contention, we are of the opinion that the conclusion which we have reached better effectuates the principle of Vincent v. Bullock. ’ The conclusion urged by appellees, would produce an unnatural result in re~-gard to the relative status of mineral rights: and royalty rights in this state. *
 

 In the past this court has observed and stated that a mineral right is necessarily superior to a royalty right. The owner of the mineral right has the right of ingress to, and egress from, the land, the right to produce the minerals, the right to participate in the bonuses and delay rentals paid under the terms of any lease. On the other hand, the owner of a royalty right has none of these rights, nor is his consent even necessary for the execution of a lease by the mineral owner, his right being to share in production if and when it is- had, Of these -two rights it has been correctly, said by one of the authorities on the oil and gas law of this state that the royalty right is but an appendage of the right of the mineral owner, and depends upon the-continued existence of the right to which it is an appendage. It cannot have a life of its own, any more than could interest exist apart from the note or debt to which it is attached. See Daggett, Mineral Rights in Louisiana (1939), p. 173.
 

 In the instant case, if these appellees had also acquired, in the same instrument in which they acquired the 1/32 royalty, one-fourth of the minerals in addition thereto, under the authority of Lee et al. v. Giauque; 154 La. 491, 97 So. 669, production alone on Lots 6 and 7 would not have interrupted the running of the liberative prescription of 10
 
 *527
 
 years as to the NE*4 of the NWJ4 of Fractional Section 36, a non-contiguous tract, insofar as the mineral right or servitude was concerned. To hold that production on these lots prevented the running of such prescription where a royalty right is involved is, in effect, holding a royalty right to be greater than, or superior to, a mineral right, and this, as we have pointed out hereinabove, is not so. Moreover, in such case, mineral rights as to the NE% of the NW% of Fractional Section 36 would revert to the landowner by liberative prescription subject to an outstanding 1/32 royalty.
 

 Furthermore, in the instant case to hold that the prescription of 10 years liberandi causa has not accrued because production was had on one of the non-contiguous tracts within 10 years from the date of the execution of the royalty deed, in our opinion, would be contrary to the land policy of this state, and such a holding might well serve as a basis for numerous methods of circumvention of that policy.
 

 For the reasons assigned, the judgment of the district court, insofar as it recognized Lloyd Noble, W. A. Grapes, D. R. Snow, Earl C. Miller and William D. Jaenke to be the owners of 1/32 royalty interest, is reversed, and it is ordered, adjudged and decreed that there be judgment herein in favor of Frank Eloi Landry, rejecting the demands of Lloyd Noble, W. A. Grapes, D. R. Snow, Earl C. Miller, and William D. Jaenke, and recognizing Frank Eloi Landry to be the owner of 1/32 royalty interest in the oil, gas, or other minerals except sul-phur, and a royalty interest equal to
 
 \2X/>¿%
 
 per long ton as to sulphur, in the following described property, situated in the Parish of Jefferson Davis, State of Louisiana, to-wit:
 

 Northeast Quarter (NEJ4) of Northwest Quarter (NWJ4) of Fractional Section Thirty-six (36), Township Seven (7) South, Range Three (3) West, Louisiana Meridian, containing forty (40) acres more or less.
 

 It is further ordered, adjudged, and decreed that the funds resulting from the purchase of oil, gas, and other minerals produced from the hereinabove described property and deposited in the registry of the Fourteenth Juicial District Court, Parish of Jefferson Davis, be, and they are hereby, decreed to be the property of Frank Eloi Landry, and ordered paid to him by the clerk of the said district court.
 

 In all other respects the judgment is affirmed.
 

 Costs of this appeal are to be paid by the appellees.
 

 HAMITER, J., concurs in the decree.
 

 O’NIELL, C. J., takes no part.