SCHOTT, Judge.
Before GULOTTA, SCHOTT and CHE-HARDY, JJ.
This is a concursus proceeding provoked by Patrick Petroleum Corporation in order to resolve conflicting claims between the Nobile-Faucheux group and the Poche group. From a judgment in favor of the Poche group the others have appealed.
The principal issue in the case is whether Thomas Poche conveyed to A. L. Faucheux and Felix F. Nobile on March 30, 1936, a mineral interest in property in St. James Parish or a mere royalty interest. Appellants concede that if a mere royalty interest was conveyed they have lost that interest by prescription since there has been no production on or involving the property as a result of pooling agreements since 1955. On the other hand, appellants contend that their ancestors were conveyed a mineral servitude interest and that prescription was interrupted in 1965 and 1974 by good faith efforts to drill wells on the property.
When the Poche to Faucheux-Nobile sale was made the property was subject to a mineral lease granted by Federal Land Bank of New Orleans to Shell Petroleum Corporation on January 2, 1936, for a five-year term, and the sale was of the following:
“ONE-SIXTEENTH (being one-half of one-eighth royalty) interest in and to all of the oil, gas, sulphur and other minerals on, in and under and that may be produced from the following described lands, situated in the Parish of St. James, State of Louisiana, to-wit:”
Had the instrument been concluded at this point, i. e., with the property description following, there would be no issue for resolution, but following the property description the instrument continued:
“It is understood and agreed, between the parties hereto, that this sale is made subject to any valid and duly recorded oil, gas, sulphur and mineral lease now in force and effect, and embracing the above described lands, and particularly an outstanding oil and gas lease entered into between The Federal Land Bank of New Orleans and The Shell Petroleum Corporation, under date of January 2,1936, but covers and includes a full one-half of all the royalty on oil, gas, sulphur and other minerals due and to become due and payable under the terms of said lease; and furthermore, in the event the above mentioned lease for any reason becomes terminated, cancelled or forfeited, then and in that event a full one-sixteenth interest In and to all the oil, gas, sulphur and other minerals on, in and under and that may be produced from the above mentioned lands shall be owned free of further cost by the Vendees herein.” (Emphasis supplied)
Appellants’ interpretation of this instrument is that the first quoted part of the instrument constituted a sale of a royalty interest but the second quoted portion, and particularly that portion which we have emphasized, constituted a conveyance of a mineral servitude interest.
Were we to conclude that this was a conveyance of a mineral servitude interest we would then be confronted with the issue of whether the drilling of wells in 1965 and 1974 were good faith drilling attempts so as to interrupt prescription until the present production began. But our resolution of the basic issue makes it unnecessary to address this additional issue.
Standing alone, the March 30, 1936, instrument seems to convey a royalty interest. The paragraph on which appellants depend does not seem to convey an additional interest but only to explain what happens to the royalty interest in the event of termination of the Shell lease. After the paragraph repeats that the conveyance “covers and includes a full one-half of all the royalty” which might accrue from the Shell lease during its existence, it goes on to say that the same one-sixteenth royalty interest will continue to be owned by Fau-cheux and Nobile without regard to the expiration of the Shell lease.
The jurisprudence provides an explanation as to why the parties added the language on which appellants base their argu *836 ment. In Humble Oil & Refining Co. v. Guillory, 212 La. 646, 33 So.2d 182 (1947) the court said:
“The sale of royalties under an existing lease and future leases, is nothing more than the transfer of a proportionate share of the production, if any, that the landowner may be entitled to under the terms of the lease. It is a right predicated upon another right, the lease. Whenever the lease lapses by its terms the right to royalties thereunder necessarily passes out of the picture. Calcasieu Oil Co., Inc. v. Yount-Lee Oil Co. et al., 174 La. 547, 141 So. 55; Parten v. Webb et al., 197 La. 197, 198, 1 So.2d 76.”
In the absence of the additional language designed to perpetuate the royalty interest beyond the termination of the Shell lease, that royalty interest would have lapsed in 1941.
If there is any doubt as to this interpretation it seems to be eliminated considering three subsequent instruments which were executed by these parties.
First, on February 16, 1938, the parties executed an agreement acknowledging the previous March 30, 1936, agreement as follows:
“WHEREAS, the undersigned Thomas Poche did on the 30th day of March A.D. 1936, execute a deed conveying to the undersigned Alonzo L. Faucheux and Felix F. Nobile, and heirs and assigns, in the equal proportions,
One-Sixteenth (being one-half of one-eighth royalty) interest in and to all of the oil, gas, sulphur and other minerals on, in and under and that may be produced from the lands fully described in said deed duly recorded in Conveyance Book “J” folio “12” of the records of the Parish of St. James.
AND WHEREAS, the consideration paid for said royalty interest in said mineral was the cash sum of Two Thousand Dollars duly paid unto the said vendor by the said vendees;
AND WHEREAS, the intention was to convey said royalty interest to said vendees, and their heirs and assigns, forever, and in full ownership, which is hereby reiterated by the said vendor.
NOW, THEREFORE, the said parties now further agree and covenant as follows:
1. For and in consideration of the agreement hereinafter set forth, the said vendor agrees and binds himself, heirs and assigns, to grant unto vendees a deed conveying the full ownership of said one-sixteenth royalty interest in said property as soon as any state law is enacted with respect thereto and moreover agrees and binds himself, heirs and assigns to continue into full force and effect the said sale of royalty by renewal thereof, and in this connection the said grant is hereby renewed as of this date.”
On January 16, 1945, the parties again executed an acknowledgment because of production which was then occurring on property with which the subject property was joined in a pooled unit. This document contains the following:
“WHEREAS, the undersigned, Thomas Poche, as Vendor, did on the 30th day of March, 1936, execute a deed conveying to the undersigned, Alonzo L. Faucheux and Felix F. Nobile, as Vendees, heirs and assigns, in equal proportions,
One-Sixteenth (being one-half of one-eighth royalty) interest in and to all of the oil, gas, sulphur and other minerals on, in and under and that may be produced from the lands fully described in said deed duly recorded in Conveyance Book “J” folio 12 of the records of the Parish of St. James.
AND WHEREAS, the consideration paid for said royalty interest in said minerals was the cash sum of Two Thousand ($2,000.00) Dollars, duly paid unto the said Vendor by the said Vendees.
AND WHEREAS, the intention of the parties was to convey said royalty interest to said Vendees and heirs and assigns forever and in full ownership, which is hereby reiterated by the said Vendor.
AND WHEREAS, the said Vendor, Thomas Poche, in consideration of the covenants hereinafter expressed and of *837 the aforesaid cash consideration, did agree and bind himself to grant unto the Vendees a deed conveying the full ownership of said one-sixteenth royalty interest in said property as soon as any State law is enacted with respect thereto and did agree and bind himself, heirs and assigns, to continue into full force and effect the said sale of royalty by renewal thereof.”
Finally, on July 19, 1955, the parties executed still another acknowledgment containing the following:
“WHEREAS, the undersigned, Thomas Poche, as Vendor, did, on the 30th day of March, 1936, execute a deed conveying to Alonzo L. Faucheux and Felix F. Nobile, as Vendees, heirs and assigns, in equal proportions,
One Sixteenth (being one-half of one-eighth royalty) interest in and to all of the oil, gas, sulphur and other minerals on, in and under and that may be produced from the lands fully described in said deed duly recorded in Conveyance Book “J” folio 12 of the records of the Parish of St. James.
AND WHEREAS, the consideration paid for said royalty interest in said minerals was the cash sum of Two Thousand ($2,000.00) Dollars, duly paid unto the said Vendor by the said Vendees.
AND WHEREAS, the intention of the parties was to convey said royalty interest to said Vendees and heirs and assigns forever and in full ownership, which is hereby reiterated by the said Vendor.
AND WHEREAS, the said Vendor, Thomas Poche, in consideration of the covenants hereinafter expressed and of the aforesaid cash consideration, did agree and bind himself to grant unto the vendees a deed conveying the full ownership of said one-sixteenth royalty interest in said property as soon as any State law is enacted with respect thereto and did agree and bind himself, heirs and assigns, to continue into full force and effect the said sale of royalty by renewal thereof.
AND WHEREAS, the said Vendees did agree and bind themselves, heirs and assigns, in consideration of the above covenants on the part of the said Vendor, to convey, transfer and assign unto said Vendor the entire delay rentals covering two years due January 2, 1939 and January 2, 1940, provided that the covenants on the part of the Vendor to perpetuate the royalty interest to Vendees shall have been performed and carried out.
AND WHEREAS, it was expressly covenanted that any future delay rentals or consideration, other than the two years above specified, shall be divided according to the respective interests of the parties.
AND WHEREAS, under date of January 2, 1941, the said parties executed a certain gas, oil and mineral lease in favor of C. B. Pennington, which lease is recorded in Book 77, page 591, of the Conveyance Records of St. James Parish, Louisiana, and which said lease is now owned by Humble Oil & Refining Company.
AND WHEREAS, said lease was amended by pooling agreements executed by the parties hereto, which agreements are recorded in the Conveyance Record of St. James Parish, Louisiana.
AND WHEREAS, the said Alonzo L. Faucheux and Felix F. Nobile have carried out all the covenants to transfer the entire delay rentals which were paid and put in escrow for the two years ended January 2, 1939 and January 2, 1940 and on the 16th day of January 1945 the cash sum of Fifteen Hundred and Fifty-five and No/100 ($1555.00) Dollars was paid unto the said Thomas Poche covering the said delay rentals in full.
AND WHEREAS, the said Thomas Poche has carried out and is prepared and ready to carry out each and every one of his covenants to perpetuate the royalty interest to said Alonzo L. Faucheux and Felix F. Nobile, heirs and assigns.”
Appellants’ position is clearly contradicted by these instruments which repeatedly refer to the interest conveyed in 1936 as a royalty interest. Since appellants have conceded that their royalty rights prescribed if the March 30, 1936, conveyance was only of a mineral royalty and since we have concluded that this conveyance was of a miner *838 al royalty as opposed to a mineral servitude, the judgment of the trial court is affirmed.
AFFIRMED.