**Philip W. VASSER, et al.**

v.

**J. N. SHILLING, et al.**

**Civ. A. No. 81–89–A.**

United States District Court, M. D. Louisiana.

Jan. 22, 1982.

Joseph V. Ferguson, II, Ferguson & Rives, New Orleans, La., for plaintiffs, Philip W. Vasser, Estate of D. E. Vasser, George F. Cook and J. Thomas Schultz, CPA, Ltd.

Michael A. Patterson, Roy, Kiesel, Patterson & McKay, Baton Rouge, La., for defendants The Christine Mae Shilling Inter Vivos Trust No. 1, The John Paul Shilling Inter Vivos Trust No. 1 and The Pauletta Leah Uggen Inter Vivos Trust No. 1.

William R. Mullins, Brantley & Mullins, Baton Rouge, La., for defendants, J. N. Shilling, Mattie Dittman Shilling, Eddie Shilling and Guaranty Bank & Trust Co.

Joseph P. Brantley, IV, Baton Rouge, La., Robert H. Morrison, III, Fayard, Morrison & Kuhn, Denham Springs, La., for defendant Livingston Savings & Loan Assn.

JOHN V. PARKER, Chief Judge.

In this diversity action, one group of defendants pleads the absence of persons who are indispensable parties under Rule 19, F.R.C.P. Several of the alleged indispensable persons, if joined, would destroy diversity of citizenship and deprive the court of jurisdiction. Defendants therefore move for dismissal.

The matter has been orally argued and submitted on extensive briefs filed by counsel.

Plaintiffs are all citizens of Mississippi and all named defendants are citizens of Louisiana. By virtue of a royalty deed recorded in 1979, plaintiffs claim to be the owners of a royalty interest in oil, gas and other minerals in or upon a thirty acre tract of land in Livingston Parish, Louisiana. Plaintiffs pray for judgment declaring that their royalty interest is valid. They also call their vendor in warranty, seeking damages, and they assert a claim for damages by reason of an alleged conspiracy between their vendor and the other defendants to deprive plaintiffs of their royalty interest.

Although numerous people and transactions are involved, the facts are uncomplicated and, insofar as transactions involving the property are concerned, have been stipulated by the parties.

Eddie Shilling and his wife Ruby donated the tract of land in contest to their son, J. N. Shilling, in 1972. They reserved, however, the lifetime use and habitation as well as "the right to any and all income from mineral rights...." In March, 1975, J. N. Shilling mortgaged the property to Livingston Savings & Loan Association and the customary Louisiana sale and resale procedure was utilized.

In 1976, J. N. Shilling granted an oil, gas and mineral lease to C. T. Carden, a citizen of Louisiana.

In 1977, Eddie and Ruby Shilling, the original donors, executed and recorded an "Act of Joinder" under the terms of which they purported to "join in" the 1975 resale

from Livingston Savings to J. N. Shilling, "as fully as though they had appeared in said act."

In 1979, J. N. Shilling sold a one-sixteenth royalty interest in the tract to Philip W. Vasser and he has made some transfers to the other plaintiffs.

Prior to 1979, J. N. Shilling also sold a parcel to the state of Louisiana for highway purposes, reserving all minerals, in accordance with Louisiana law and he also granted "permits" to South Central Bell Telephone Company.

Subsequent to the 1976 Carden mineral lease, Carden has conveyed overriding royalties to numerous people, some of whom have conveyed to others and none of whom apparently are citizens of Louisiana.

Carden also assigned the lease and it is, according to the documents furnished to the court, presently owned jointly by Sabine Production Company, a corporate citizen of Louisiana, and Exchange, Oil and Gas Company, a corporate citizen of Delaware. According to the documents furnished the court, Carden still owns an overriding royalty interest in that mineral lease.

In 1980, the original donors, Eddie and Ruby Shilling, created three trusts to which they transferred all of their "right, title and interest" in the minerals in and under the thirty acre tract of land, the interest transferred being described as that reserved in the 1972 donation. The trusts thereafter in 1980, granted an oil, gas and mineral lease to Sabine Production Company, the same Louisiana corporation to which Carden assigned an interest in the 1976 mineral lease granted on the same tract by J. N. Shilling. Sabine has assigned interest in this mineral lease to Exchange and to Amoco Production Company. The trusts also have conveyed a royalty interest to Joseph P. Brantley, IV. Sabine and the other mineral lessees have conveyed overriding royalty interests in the 1980 lease to various persons, including Carden.

The present situation is that the 1976 mineral lease granted by J. N. Shilling to Carden is owned jointly by Sabine and Exchange. The 1980 mineral lease granted by the trusts to Sabine is presently owned jointly by Sabine, Exchange and Amoco. The two leases, of course, cover the exact same tract of land but an examination of the documents indicates that there are significant differences in the terms of the two leases.

Carden owns an overriding interest in both leases and he and Sabine are both Louisiana citizens.

Plaintiffs have brought this action against the original donors, Eddie and Ruby Shilling, their vendor, J. N. Shilling, the mortgage holder, Livingston Savings, the named trustee of the trusts, Guaranty Bank & Trust Company, the trusts and the holder of the royalty deed from the trusts, Brantley. As noted earlier, all are citizens of Louisiana and all plaintiffs are citizens of Mississippi.

The trust defendants argue that the 1976 mineral lease to Carden and his assignees, both of overriding royalty and of the lease itself, makes them indispensable parties and that the State of Louisiana, the telephone company and all assignees under the 1980 mineral lease are indispensable parties. Defendants argue that the state's claims, and Carden's and Sabine's claims under the 1976 mineral lease, fall under the J. N. Shilling chain of title, as do the claims of plaintiff under the royalty deed, and that Carden, Sabine and the state should be joined as indispensable parties plaintiff. Such joinder would place Louisiana citizens on both sides of the case and destroy diversity jurisdiction. Defendants therefore argue that the action must be dismissed. The Eleventh Amendment to the Constitution also presents significant problems in attempting the joinder of the state, should it be found to be an indispensable party.

The trusts have instituted an action in the state court and they have joined as defendants the state, the telephone company, J. N. Shilling, Vasser, Carden and all persons to whom Carden conveyed overriding royalties as well as Sabine, Exchange and Amoco. That action seeks to declare the 1972 donation to be null and void and

also seeks to nullify the 1980 lease granted by the trust to Sabine on the ground of alleged misrepresentations. All parties in both chains of title are parties to the state litigation, except the original donors, Eddie and Ruby Shilling, and the holder of the royalty deed from the trust, Brantley.

Plaintiffs argue that Carden and Sabine, the Louisiana citizens, are not indispensable to an adjudication of the issues in this action and, alternatively, that if they must be joined, they ought to be joined as defendants, not plaintiffs.

Rule 19 requires joinder of persons who will not deprive the court of jurisdiction over the subject matter if that person claims an interest relating to the subject of the action and is so situated that disposition of the action in his absence may as a practical matter impair or impede his ability to protect that interest or may leave any of the persons already parties subject to a substantial risk of multiple or otherwise inconsistent obligations.

Plaintiffs insist that none of the persons alleged to be indispensable parties actually claim an interest relating to the subject of the action. Plaintiffs claim under a royalty deed from J. N. Shilling, the alleged land and minerals owner, and plaintiffs correctly point out that under Louisiana law, a royalty interest granted by the landowner is a real right affecting the land and mineral rights themselves as opposed to an overriding royalty interest granted by the owner of a mineral lease which attaches only to a specific lease. The interest granted under a royalty deed is subject to the ten year prescription and it prescribes entirely if there is no production within the ten year period and it is in no way identified with any particular mineral lease. *Vincent v. Bullock*, 192 La. 1, 187 So. 35 (1939); *Humble Oil & Refining Co. v. Guillory*, 212 La. 646, 33 So.2d 182 (1946); *Wurzlow v. Placid Oil Co.*, 279 So.2d 749 (La.App. 1st Cir. 1973) writ ref. 282 So.2d 140 (1973); *Barton v. Jumonville*, 528 F.Supp. 887, (M.D.La.1981); Louisiana Mineral Code arts. 80, 81, 82, 114 and 126.

Plaintiffs therefore argue that the interest which they claim in the thirty acre tract of land is not the same as the interest claimed by Carden, the holders of overriding royalties through Carden, or the present holders of the 1976 mineral lease. Plaintiffs insist that their claims are predicated upon only two of the documents in the chain of title: The 1977 "Act of Joinder" executed by Eddie and Ruby Shilling and the 1979 royalty deed to Vasser. Plaintiffs argue that the 1977 "Act of Joinder" cured any defects in J. N. Shilling's ownership of the land and the minerals relating to possible invalidity of the 1972 donation and they insist:

"Accordingly, there can be no reasonable question, doubt or claim that any person acquiring any interest in the property described in the donation from J. N. Shilling and his wife, after February 16, 1977, relying on the public records, as Philip W. Vasser did, acquired a title free and clear of any nullity of the donation, for the joinder of the donors, and the sale to Livingston Savings & Loan, without any reservations, cured and satisfied any defect arising from the donation."

Plaintiffs have simply stated the issue before the court, not resolved it. Plaintiffs may be right that the 1977 "Act of Joinder" cured any defects in the original donation but that is the issue and it is not free from doubt, as plaintiffs insist.

It is, of course, correct that recognition of plaintiffs' mineral royalty interest is not necessarily inconsistent with the validity or invalidity of the 1976 lease to Carden since plaintiffs' royalty interest attaches to the land, not the mineral lease and the rights of the mineral lessee are entirely unaffected by the holder of a mineral royalty. This is clear because any payments of royalty to plaintiffs will come out of the landowner's portion of production and will in no way interfere with any overriding royalties which may have been assigned by the mineral lessee.

The problem with the approach advocated by plaintiffs is that plaintiffs and Carden both claim through J. N. Shilling and, in

order to hold that plaintiffs own a valid mineral royalty interest, the court must necessarily determine whether J. N. Shilling owned the property and thus was entitled to convey a mineral royalty interest in 1979. That determination necessarily involves a construction, not only of the 1977 "Act of Joinder" but also of the 1972 donation, which incidentally, plaintiffs specifically pray be adjudged invalid.

Only one who has title to the minerals can grant a mineral lease or convey a mineral royalty. Thus the claims of Carden and his assignee, Sabine, depend upon the title of J. N. Shilling. They claim an interest relating to the subject of this action. Although Carden no longer owns an interest in the lease, per se, he does own an overriding royalty and he has obligations to persons to whom he has conveyed overriding royalties in the 1976 lease, all of which can be affected by this court's adjudication of the validity of the 1972 donation and the 1977 "Act of Joinder."

Although any judgment rendered by this court will not be res judicata as to the claims of Carden and Sabine, it obviously, as a practical matter, can impair or impede their ability to protect their interests and there is a significant risk that parties to this litigation might incur inconsistent obligations by reason of inconsistent decisions by the state and federal courts.

Where an indispensable party cannot be joined, Rule 19 requires that the court consider several factors in determining whether to dismiss the action or to permit it to proceed among the parties before it. First, the court must consider to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties. It is obvious here, as noted above, that although judgment will not be res judicata, it certainly could be prejudicial to the claims of Carden and Sabine under the 1976 lease, should the court determine that J. N. Shilling was not the lawful owner of the property. The second factor to be considered is the extent to which, by protective provisions in the judgment, by shaping of relief, or other measures, prejudice can be lessened or avoided. Although plaintiffs urge that the court limit the relief in this case to a declaration only of the validity of the 1979 royalty deed, the decision process will require a determination of the validity of the other documents in the chain of title and the scope of the court's judgment cannot be so limited. The third factor to be considered is whether a judgment rendered in a person's absence will be adequate. While plaintiffs would be adequately satisfied with the judgment rendered in their favor, it is apparent that the judgment would have consequences far beyond plaintiffs' royalty deed.

Finally, the court must consider whether the plaintiff will have an adequate remedy if the action is dismissed for non-joinder. As noted earlier, an action is presently pending in state court involving most of the same parties who are before this court and involving title to the same tract of land. The issues are not precisely the same nor are all parties necessary to a complete adjudication of title to this Louisiana property before the state court. The state courts, however, are open and all parties claiming any interest in this property are amenable to suit in the state court and the state court is, of course, fully capable of adjudicating all title problems regarding Louisiana property.

Under these circumstances, it is apparent that Carden and Sabine, at least, are indispensable parties, that they cannot be joined without destroying jurisdiction and that the litigation cannot proceed in their absence. *Provident Tradesmen Bank & Trust Co. v. Patterson*, 390 U.S. 102, 88 S.Ct. 733, 19 L.Ed.2d 936 (1968); *Doty v. St. Mary Parish Land Co.*, 598 F.2d 885 (5th Cir. 1979).

Plaintiffs next argue that if Carden and Sabine must be joined, they ought to be joined as defendants, not plaintiffs. This argument is predicated upon the fact that Carden claims an overriding royalty under the 1976 mineral lease as well as the 1980 mineral lease and that Sabine apparently is one of the present holders of both leases. Aligning these persons as defendants would not destroy diversity of citizenship and that course is the one urged by plaintiffs.

While it is unusual that the same parties hold claims under conflicting chains of title, that unusual situation does not dispose of the issue. As noted earlier, there are significant differences between the terms of the 1976 and the 1980 mineral leases. The first is more favorable to the mineral lessee; the latter more favorable to the land (mineral) owner. It is clear, however, that both leases cannot be valid and that their validity depends upon a construction of the 1972 donation, the leases themselves and the 1977 "Act of Joinder."

Although plaintiffs argue that the "curative" effects of the 1977 "Act of Joinder" cannot run in favor of the earlier 1976 lease to Carden, they do not consider the doctrine of after-acquired title which applies to mineral leases in Louisiana. *St. Landry Oil & Gas Co. v. Neal*, 166 La. 799, 118 So. 24 (1928). Under that doctrine, Carden can argue that if J. N. Shilling did not have clear title at the time he granted the lease in 1976 and if the 1977 "Act of Joinder" cured the defect so that J. N. Shilling later *acquired* perfect title, then such title vested immediately in Carden. A declaration by this court that the 1977 "Act of Joinder" did not cure J. N. Shilling's title would not only be adverse to plaintiffs' claims, it would also impair Carden's ability to claim after-acquired title, despite the non res judicata nature of the judgment as to him. The same principle applies equally to Sabine, Carden's mineral lease assignee. A contrary holding by the state court, which must, of necessity, pass upon the effect of the 1977 "Act of Joinder," would place many persons in the position of facing inconsistent obligations.

Since Carden and Sabine are not parties, the court has no knowledge as to their respective positions regarding the conflicting mineral leases and the court clearly cannot elect a position for either. By suggesting that the court align them as defendants, however, that is exactly what plaintiffs would have the court do. Nothing has been filed in the record indicating that Carden and Sabine have abandoned all claims under the 1976 mineral lease and there is no justification for any such assumption.

Accordingly, Carden and Sabine, if joined, are properly aligned as plaintiffs, without regard to their additional claims under the 1980 lease. Since both are Louisiana citizens, this joinder would destroy the court's jurisdiction and under Rule 19 the action must be dismissed. *Provident Tradesmen Bank & Trust Co. v. Patterson, supra; Doty v̇. St. Mary Parish Land Co., supra.*

Since at least one person cannot be joined, it is unnecessary to consider potential joinder of the state of Louisiana.

This action is particularly suitable for adjudication by the state courts. Louisiana has a compelling interest in its land and mineral titles and all persons having claims of any nature to the thirty acre tract and its minerals are subject to state court jurisdiction so that complete adjudication of all claims may occur.

For the foregoing reasons, the motion to dismiss for failure to join indispensable parties is hereby SUSTAINED and this action will be DISMISSED.